NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HECTOR SANABRIA,

               Plaintiff,

               v.

IHOUMA NWACHUKWU, M.D., *et al.*,

               Defendants.

Civil Action No. 25-17827 (ZNQ) (JBD)

OPINION

**QURAISHI, District Judge**

This matter comes before the Court on the motions to dismiss Plaintiff's complaint filed by Defendants Cahterine Hoyt (ECF No. 9) and Ihuoma Nwachukwu (ECF No. 10.)  Platiniff opposed the motions by filing his own motion seeking a temporary restraining order and summary judgment.  (ECF No. 12.)  Defendants filed opposition to Plaintiff's motion (ECF Nos. 15, 18), to which Plaintiff replied.  (ECF No. 20.)  For the following reasons, Defendants' motions shall be granted in part and denied in part, and Plaintiff's motion shall be denied.

I.      **BACKGROUND**

Plaintiff is a convicted state prisoner confined in New Jersey State Prison.  (ECF No. 1-1 at 3.)  Plaintiff is sixty-four years old, and suffers from "elongated, thickened, discolored toenail[s] and calluses" on both of his feet which Plaintiff assert cause him pain and difficulty walking.  (*Id.*)  On or about March 12, 2025, Plaintiff saw Sanabria, who is a podiatry consultant for the prison's medical department, for this issue.  (*Id.*)  Hoyt evaluated Plaintiff's pain and difficulty walking,

and concluded that Plaintiff's issue was not sufficiently severe to warrant referral to an outside specialist. (*Id.* at 4.)  Hoyt thereafter referred Plaintiff's request for medical boots or shoe pads to Defendant Nwachukwu, the head of the prison's medical department. (*Id.*)  Nwachukwu did not approve the boots or pads, however. (*Id.*)  Plaintiff alleges that this constructive denial of his requests for medical devices has caused him significant pain and suffering, and considerably limit his life activities. (*Id.* at 4-5.)  Plaintiff therefore alleges that both Defendants violated his Eighth Amendment rights by being deliberately indifferent to his medical needs, and his right to substantive due process by causing a state created danger in the form of his continued pain and suffering from his calluses and malformed toenails. (*Id.* at 5-7.)

Plaintiff's current complaint is not the first instance in which Plaintiff raised these issues. Plaintiff previously filed a similar complaint against Rutgers, which operates the prison's medical department, alleging a failure to treat Plaintiff's calluses and toenails. (ECF No. 10-2 at 4-7.)  That complaint was dismissed with prejudice by a state superior court judge following a motion to dismiss on March 11, 2025. (*Id.* at 9-10.)    The basis for the dismissal of the prior complaint against Rutgers is not clear from the record currently before the Court. (*Id.*)

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A

2

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

### A.  Defendants' motions to dismiss

In their motions, Defendants argue that Plaintiff fails to state a claim for which relief can be granted as to both his medical and state created danger claims.[1] In order to state a plausible claim for relief based on inadequate medical care under the Eighth Amendment, a plaintiff must allege facts indicating that the defendant was deliberately indifferent to his medical needs. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate

---

[1] Plaintiff appears to be raising his claims under both 42 U.S.C. § 1983, the federal civil rights statute, and the New Jersey Civil Rights Act. Because the NJCRA is the state equivalent of § 1983, and claims raised under the Act are in almost all cases treated identically to a federal civil rights claim, this Court discusses Plaintiff's claims only in the context of a federal civil rights claim under § 1983. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). This Court's reasoning, however, applies equally to Plaintiff's claims under the NJCRA.

indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted).  Deliberate indifference therefore requires more than mere negligence.  S*ee King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).  A medical need will be considered sufficiently serious to support a constitutional claim where that need "has been diagnosed as requiring treatment or is so obvious that a lay person would easily recognize the necessity of a doctor's attention."  M*onmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).  Where a prisoner has received at least some treatment, he may generally not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received.  *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

In his complaint, Plaintiff asserts that Defendants were deliberately indifferent by failing to refer him to a specialist or providing him with specialized footwear to deal with his calluses and toenails.  Initially, the Court notes that Plaintiff has not alleged that he has been diagnosed by a competent medical professional with a serious medical need.  Indeed, he suggests that both of the doctors he has seen, Defendants, downplayed the seriousness of his foot issues and determined that neither an outside referral nor supplemental footwear were warranted in this case.  Because Plaintiff has alleged that his foot issues cause him substantial pain and a clear inability to walk properly, however, this Court finds that Plaintiff has alleged sufficient facts to permit the plausible inference that Plaintiff's foot issues are sufficiently serious that they could support an Eighth Amendment claim for relief.

Turning to the issue of deliberate indifference, Plaintiff asserts in his complaint only that he saw Defendant Hoyt about his foot issues on March 12, 2025, that Hoyt concluded an outside

4

consultation was not warranted, but suggested boots or padding for Plaintiff's feet to Defendant Nwachukwu. As to Defendant Hoyt, at least, Plaintiff has pled facts that Hoyt reviewed and provided some treatment for his issues, and recommended further medical devices, which Defendant Nwachukwu declined to permit for Plaintiff. These facts do not suggest deliberate indifference on the part of Hoyt, who provided some treatment, albeit treatment with which Plaintiff disagrees. Plaintiff thus fails to state a plausible claim for deliberate indifference against Hoyt, and his Eighth Amendment claim against her must be dismissed without prejudice for failure to state a claim for which relief may be granted.

Turning to Defendant Nwachuku, Plaintiff alleges facts that suggest that Nwachukwu was made aware of Plaintiff's issues with his feet, was provided a recommendation for footwear from Hoyt, and then declined to provide that footwear for unspecified reasons. Plaintiff also alleges that he has repeatedly told Nwachukwu of the pain and suffering that result from his untreated issues. Plaintiff has thus alleged sufficient facts to permit a plausible inference that Nwachukwu has disregarded Plaintiff's alleged pain and suffering and has thus been deliberate indifference to his medical needs sufficient to survive Defendants' motion to dismiss. Nwachukwu's motion shall therefore be denied to the extent it seeks the dismissal of Plaintiff's medical claims against her.[2]

Defendants also move to dismiss Plaintiff's state created danger claim. To plead a state created danger claim under the Fourteenth Amendment, a plaintiff must plead facts which would

---

[2] In his complaint, Plaintiff also attempted to raise a claim for supervisory liability against both Defendants based on a bald allegation that they maintain a policy or practice of deliberate indifference. (ECF No. 1-1 at 7.) Plaintiff has not identified any clear pattern, practice, or policy which caused his claims, and thus this Court permits Plaintiff's medical claim against Nwachukwu to proceed at this time only to the extent it is raised directly against her. Plaintiff has not alleged sufficient facts to support a supervisory claim against either Defendant. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (supervisory claim generally not based on the defendant's direct involvement requires either knowledge and acquiescence in a subordinate's misdeeds or that the defendant put into place a policy or practice which was the moving force behind the alleged violation).

show that there was a foreseeable and fairly direct harm to the plaintiff, caused by a state actor acting with a degree of culpability which shocks the conscience, a special relationship between plaintiff and the defendant making the plaintiff a foreseeable victim of that behavior, and facts suggesting that the defendant affirmatively used his authority in such a way to make plaintiff more vulnerable to harm than had the defendant not acted at all. *See, e.g., Hargrove v. City of Philadelphia*, 671 F. Supp. 3d 595, 601 (E.D. Pa. 2023). Here, Plaintiff has pled no more than a garden variety medical claim. He has not pled any facts indicating conscience shocking activity on the part of Defendants, nor that Defendants made him any more vulnerable than had they not acted at all. Indeed, the harm Plaintiff alleges essentially *is* that Defendants did not take action. Plaintiff has thus utterly failed to plead a plausible state created danger claim against either Defendant, and Defendants motions to dismiss as to that claim must be granted, and Plaintiff's Fourteenth Amendment claims dismissed without prejudice at this time.

Defendants also move to dismiss Plaintiff's complaint on the grounds that they believe it to be barred pursuant to *res judicata* principles and New Jersey's entire controversy doctrine in light of the dismissal with prejudice of his prior complaint against Rutgers raising similar claims regarding the footcare he received in prison. The Court notes, however, that these arguments go beyond the pleadings of this matter, and would generally be beyond the scope of a motion to dismiss. *See, e.g., W. Penn Allegheny Health Syst., Inc. v. UPMC*, 627 F.3d 85, 97 n. 6 (3d Cir. 2010) (in the context of a motion to dismiss, a district court is generally limited to consideration of the pleadings and those documents integral to or explicitly relied upon by the plaintiff in drafting his complaint). Because Defendants res judicata arguments go beyond the scope of the pleadings, they are not properly raised in the motion to dismiss context.

Even if the Court were inclined to convert Defendants' motions to summary judgment motions, the Defendants have not established that Plaintiff's claims are barred by *res judicata* or the entire controversy doctrine at this time. As the Third Circuit has explained,

> The entire controversy doctrine is essentially New Jersey's specific, idiosyncratic, application of traditional res judicata principles. The doctrine embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. The purposes of the entire controversy doctrine are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to the parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.
>
> In determining whether a claim is barred by the doctrine, a court's central consideration is whether the claim arise[s] from related facts or the same transaction or series of transactions. It is the core set of facts that provides the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding. Additionally, the entire controversy doctrine applies only when a prior action based on the same transactional facts has been tried to judgment or settled.
>
> However, the doctrine is constrained by principles of equity. It remains an equitable rule of preclusion whose application is left to judicial discretion abased on the factual circumstances of individual cases. Accordingly, the entire controversy's equitable nature bars its application where to do so would be unfair in the totality of the circumstances and would not promote its objectives, namely, the promotion of conclusive determinations, party fairness, and judicial economy and efficiency.

*United States ex rel. Charte v. American Tutor, Inc.*, 934 F.3d 346, 351 (3d Cir. 2019) (internal quotations and citations omitted). *Res judicata* and the Entire Controversy Doctrine would thus only bar Plaintiff's current complaint if it arises from essentially the same factual background as his prior action, Plaintiff's current claims either were or should have been brought in the prior proceeding, and were decided to a final judgment or settled.

7

Although there is a connection between the facts alleged in Plaintiff's prior complaint and his current complaint as both concern the treatment for his foot issues, there is also a significant disconnect.  Based on the facts presented by Defendants, Plaintiff's prior complaint sought to force treatment for his foot issues by Rutgers, and was dismissed with prejudice against Rutgers for unspecified reasons on March 11, 2025.  Plaintiff's current complaint, however, arises out of treatment for specific foot issues Plaintiff received beginning on Mach 12, 2025, after the prior action had concluded. Because Plaintiff's new complaint concerns medical actions taken after the dismissal of the prior complaint, it is doubtful that Plaintiff's current claims could have been or should have been raised in Plaintiff's prior complaint.  Moving beyond mere timing, the Court also notes that its not clear that Plaintiff's prior complaint was decided on the merits rather than based on immunity or some other factor intrinsic to Rutgers, which would not be applicable to the individual Defendants raised in this matter.  Thus, on the current record, this Court cannot find that the dismissal of Plaintiff's prior complaint resolved the claims in question on the merits sufficient to bar them here and now.  Defendants have thus not shown that Plaintiff's claims are barred on *res judicata* or Entire Controversy grounds, and their motions to dismiss are denied on that basis.  Defendants are free to raise these issues at summary judgment following discovery, however, should they be able to better demonstrate that Plaintif's current claims should be barred by the adjudication of his prior complaint.

### B.   Plaintiff's motion seeking summary judgment and a temporary restraining order

In response to Defendants' motions, Plaintiff filed a motion purporting to seek summary judgment and either a temporary restraining order or a preliminary injunction. (ECF No. 12.) Essentially, Plaintiff contends in his motion that his complaint sufficiently proves his claims that he should be entitled to summary judgment and an order requiring the course of treatment Plaintiff prefers.  The current record of this matter, however, contains only Plaintiff's bare allegations –

which as this Court described above, at best state an Eighth Amendment medical claim only as to Defendant Nwachukwu. There is no evidence or testimony in the record, and certainly nothing that establishes that Plaintiff is entitled to judgment as a matter of law. Summary judgment is thus entirely inappropriate at this stage of the litigation. *See, e.g.,* Fed. R. Civ. P. 56(a) (summary judgment requires that a plaintiff show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

Likewise, Plaintiff has utterly failed to provide a formal statement of material facts not in dispute as required by Local Civil Rule 56.1(a). Under that rule, any motion that is not accompanied by a separate, formal statement of material facts not in dispute "shall be dismissed." Thus, even were the record more developed, this Court would be required to reject Plaintiff's summary judgment motion and deny it at this time as Plaintiff has failed to even attempt to comply with the requirement of the local civil rules.

Plaintiff's motion fares no better as a request for a temporary restraining order. A temporary restraining order is "an extraordinary remedy" and "should be granted only in limited circumstances." *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999). To secure this extraordinary form of relief, the movant has the burden of establishing the following: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if relief is denied; (3) a balance of hardships in its favor; and (4) a public interest in favor of injunctive relief. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998); *Ballas*, 41 F. Supp. 2d at 537. "Only if the movant produces evidence sufficient to convince the [Court} that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

Here, Plaintiff has provided no more than his own allegations that his treatment has been insufficient. As discussed above, although Plaintiff has pled sufficient facts to permit his medical

claims against Nwachukwu to proceed at this time, that claim's ultimate merits are far from clear – specifically, that Plaintiff's medical issues are truly sufficiently severe or that further care beyond that which Plaintiff has already received is actually required to treat those issues. Nothing beyond Plaintiff's own assertions indicates that further referrals or medical devices will actually impact Plaintiff's current issues, nor has Plaintiff as of yet provided any competent medical evidence that he is entitled to further care. Thus, while Plaintiff states a claim for relief against Nwachukwu, he has failed to show that he has a sufficient likelihood of success to warrant a temporary restraining order. Likewise, although Plaintiff states that he is currently in pain, nothing he has provided indicates that he will suffer a substantial, irreparable injury without injunctive relief at this time. As Plaintiff has thus failed to meet either of the first two TRO factors, and is not entitled to relief unless he can show that all four factors favor preliminary injunctive relief, his request for a temporary restraining order must be denied without prejudice at this time.

## IV.  **CONCLUSION**

For the reasons expressed above, Defendants' motions to dismiss (ECF Nos. 9-10) are **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's motion seeking summary judgment or a temporary restraining order (ECF No. 12) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Date: July 1, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
